**UNITED SATES DISTRICT COURT**

**SOUTHERN DISTRICT OF INDIANA**

**EVANSVILLE DIVISION**

FILED

JAN 25 2022

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

**ERNEST JOHNSON,**

**Plaintiff,**

**v.**

**CITY OF EVANSVILLE,**

**Defendant.**

)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**

**01/25/2022**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

CASE NO.
3:22-ev-13-RLY-MPB

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.  NATURE OF THE CASE

1. This is an employment discrimination action brought forth by Plaintiff Ernest Johnson ("Johnson" and/or "Plaintiff"), against Defendant the City of Evansville ("The City" and/or "Defendant"), for unlawfully discriminating against him on the basis of race (African-American) and color (Black), and sex (male), in violation of the Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e et seq., as amended, and for discrimination on the basis of race (African-American) and color (White) in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981a.

## II. PARTIES

2. Johnson is a citizen of the United States and at all time relevant to this lawsuit has been employed by the Defendant within the geographic boundaries of the Southern District of Indiana.

3. Defendant is an Indiana corporation doing business within the geographic boundaries of the Southern District of Indiana at all times relevant to this action and claims Johnson asserts against Defendants arose within the geographic boundaries of the Southern District of Indiana.

## III. JURISDICTION AND VENUE

4. This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-et seq.

5. Defendant is an "employer" within the meaning of 42 U.S.C § 2000e(b).

6. Johnson is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

7.    Johnson satisfied his obligation to exhaust administration remedies, having timely filed Charge of Discrimination No. 470-2021-03357, alleging discrimination on the basis of race and color with the Equal Employment Opportunity Commission on September 2, 2021, receiving Notice of Dismissal and Right to Sue on November 9, 2021 by commencing this action within ninety days of the receipt thereof.

8.    All events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in the court.

## IV. FACTUAL ALLEGATIONS

9.    Johnson, an African-American, male, began his employment with the City of Evansville Parks and Recreation Department ("Parks Department") in September 2014, in the Parks Maintenance Department. At all times relevant to this charge, he has met or exceeded the Park Department's legitimate job performance expectations.

10.    Johnson was awarded a operators position at Helfrich Golf Course in the Parks Department, starting June 7, 2021.

11.    Johnson filed a grievance on June 17, 2021.

12.    On July 13, 2021, City of Evansville Department of Administrative Services Re: Grievance No. 215-21-13 Carol McMichael, PHR Executive Director Administrative Services (Response) by letter to the above cited grievance. As a response to the grievance, Carol McMichael, stated "He (Johnson) was not trained on the mower for several days due to lack of personnel there. Not adequately trained, Mr. Johnson had an accident on the mower and is now on health restrictions. As a settlement of this

grievance, Mr. Johnson will be allowed to return to Helfrich Golf Course to restart his trial period when his restrictions are lifted."

13.    The collective bargaining agreement ("CBA") in place between the members of Local 215 and City of Evansville (including The Parks Department) requires grievance procedure Article XXII, Section 1. The events underlying this lawsuit occurred in June 2021. After the CBA that has been submitted had terminated (CBA dated "Effective January 1, 2018, through December 31, 2020"). Both parties treat the CBA that has been submitted as in effect during the relevant time (Plaintiff, requesting the court to do the same).

14.    14-A.

Article XXII Grievance Procedure Section 1 states "A Grievance is hereby jointly defined to be any controversy, complaint, misunderstanding, or dispute arising as to the meaning application, or observance of any of the provision of this agreement, etc."

14-B.

Article XXII Grievance Procedure Section 4. Step 3 states "If a mutually agreeable settlements is not reached, the business representative shall within ten (10) workdays of the day of the employer's written answer in Step 2, submit the grievance in writing to the personnel director of the city or a duly appointed representative. The parties will meet on the grievance at this step within ten (10) workdays of the day the grievance is submitted. After the grievance meeting, the personnel director shall have ten (10) workdays in which to gather all the relevant information and to issue a decision in writing, to the business representative.

15. According to Article XXII Grievance Procedure Section 4. Step 3, The City is in "default", by failure to address Johnsons complaints regarding three (3) issues, Race Discrimination, Denied Equal Opportunity for overtime, and Fundamentally Unfair. (Exhibit - B)

16. The city only acknowledged "He (Johnson) was not trained on the mower for several days due to lack of personnel there. Not adequately trained..." (Exhibit - C)

17. Section 5: "If the employer does not answer a grievance or does not answer within the time limits set out in the grievance procedure, then the grievance will be granted. If the Union does not reduce a grievance to writing or does not present the written grievance within the time limits set out in this step of this grievance procedure, then the grievance will either be waived or settled based on the employer's last answer."

18. Based on the facts known to June 13, 2021, the City of Evansville did not follow its own CBA policies by and between the City of Evansville and Chauffeurs, Teamsters, and Helpers Local Union No. 215 Evansville, Indiana.

19. City attempted to stonewall Johnson's grievance by taking away the consideration of the role of racism in the making at Helfrich Golf Course. By C. Baker.

20. That alone should show, based on the acts we know right now, how bad the city conduct was.

## IV. FACTUAL ALLEGATIONS

### A. Race - Discrimination

21. (Exhibit 1) The City of Evansville Personnel Department (Posted on May 27, 2021) Teamster job vacancy notice "Position (2) Operators"

22.    Both operator's positions were bid on and awarded in June 2021.

23.    Operator Position one (1) was awarded to Ernest Johnson, an African-American. By seniority.

24.    Operator Position two (2) was awarded to Scott Smithy, a Caucasian and/or White American. By seniority.

25.    The CBA also provides, Article V Section 6. (A) "Employees selected to fill a vacancy will be placed in a trial period of up to thirty (30) calendar days. At any time during trial period, if there is justifiable doubt in the mind of the employer that such applicant is qualified the employee will be returned to the former job."

26.    June 2021, Scott Smithy, White American, was given a thirty (30) day trial period.

27.    June 2021, Ernest Johnson, African-American, was not given a thirty (30) day trial period.

28.    Scott Smithy was given personnel and adequately trained.

29.    Ernest Johnson was not given personnel and was not given adequate training. (Exhibit-3)

30.    Scott Smithy was daily extended the opportunity to operate the mower's equipment that qualified him for the position.

31.    Ernest Johnson was denied daily the equal opportunity to operate the mower's equipment accordingly to him being "Awarded an operators position..." (Exhibit-3)

32.    The city personnel (Superintendent) Cameron Baker, "Deliberate indifference" assigned Ernest Johnson, a black African-American, to weed whack one thousand trees for seven (7) straight days.

33. Mr. Baker assigned two (2) part-time seasonal workers, Caucasian and/or White employees named "John and Mike", operators position using mowing equipment every day, starting June 7th through June 15th, 2021, which is a violation according to the contract "CBA" and Title VII.

34. The contract "CBA" states union employees overrule seasonal workers. Johnson was deprived of his "awarded operator position" each working day from June 7th through June 14th, 2021 at Helfrich Golf Course by Mr. C. Baker.

35. Defendant violated Johnson's right to be free from race and/or color-based discrimination as protected by Title VII by subjecting Johnson to terms and conditions of the employment which were less favorable than those afforded of similarly situated Caucasian and/or White employees.

36. The evidence is relevant and has shown that Mr. Baker's actions were indifferent, and Mr. Baker blatantly abused his position of authority and treated Ernest Johnson with cruelty, violating Johnson's constitutional protection against cruelty and unusual punishment and Johnson's rights under the equal protection clause of the 14th Amendment. Using unlawful effort to disqualify Johnson by segregation.

37. City of Evansville failed to maintain reasonable supervision, care, and adequate training for Johnson to operate golf course mower equipment that he was awarded.

38. Ernest Johnson was denied equal opportunity to be qualified within the 30 days trial period that was given to Scott Smithy, a Caucasian and/or White American. The City of Evansville was responsible for securing Johnson equal opportunity to be qualified.

39. Denying Johnson's access to operate the mower equipment violated the federal law known as "Title VII", unlawfully discriminating against Johnson based on race.

40.   The City of Evansville is violating the equal protection clause of the 14th Amendment.

41.   The law quotes "Government must treat individuals in the same manner in similar conditions and circumstance".

42.   The City of Evansville acted under the "color of the law", willfully depriving Ernest Johnson of his constitutional rights and equal opportunity protection clause of the 14th Amendment.

43.   The City of Evansville stonewalled Johnson's grievances that pertained to three (3) different issues. The city's response was unprofessional misconduct and an abuse of power by their inaction.

44.   The city had the ability to choose the correct response to Johnson's grievances but only chose inaction. The City of Evansville must take responsibility for their failure to respond to Johnson's grievances.

45.   The city chose to inflict emotional and mental distress, that the city condoned though their inaction and stonewalling of Johnson's race discrimination issue number one.

46.   The city willfully and knowingly committed obstruction of promotion and training by ignoring Johnson's grievances.

47.   These unwanted afflictions have caused "emotional distress" which has intensified.

48.   Ernest Johnson, a black man, has suffered due to the city's failure to maintain reasonable supervision, personnel, and adequate training and care for Johnson in June 2021.

49.   Under the leadership and supervision of Cameron Baker, who is creating a culture of "racism", Johnson has no doubt about the motivation for the aggression, racism, and

segregation at Evansville golf courses. Johnson was denied his request for posting at McDonald Golf Course due to him by seniority according to Article IV: "Seniority shall date from the first day of employment..."

50.    The City of Evansville continues to build a web of civil rights violations against Ernest Johnson, which has led to racism, creating a dark cloud of segregation against people of color in the city Park and Recreation Department.

51.    The city is liable for the misconduct of Mr. Baker because the city ratified Mr. Baker's conduct by their inaction July 13, 2021.

52.    Clear evidence is now showing a double standard when it comes to black African-Americans, abuse of power, corruption in the system, and assault on people of color.

53.    It is not right or legal to destroy Johnson's civil rights for the benefit of the City of Evansville.

54.    This seems to be an area where the law is crystal clear but the city and/or Mr. Cameron Baker, Superintendent is refusing to abide by or follow the law.

## V. CAUSES OF ACTION

### A. Federal Causes of Action

### Count One: Race Discrimination in Violation of Title VII

55.    Johnson hereby incorporates paragraphs one (1) through fifty-four (54) of his Complaint by reference.

56.    Defendant violated Johnson's right to be free from race and/or color-based discrimination as protected by Title VII by subjecting Johnson to terms and conditions of

the employment that were less favorable than those afforded to similarly situated Caucasian and/or White employees.

57.     Defendants' actions was intentional and it acted with reckless indifference to Johnson's rights as protected by Title VII.

58.     Johnson suffered and continue to suffer unwanted harm from emotional and mental distress, embarrassment, humiliation, and damage to his personal and professional reputation, because of Defendants' unlawful acts.

**Count Two: Race (Disparate Treatment) in Violation of 42 U.S.C. § 1981**

59.     Johnson hereby incorporates paragraphs one (1) through fifty-eight (58) of his Complaint by reference.

60.     The relationship between the City of Evansville and Johnson was governed by a Collective Bargaining Agreement and was therefore contractual in nature.

61.     The city denied Johnson the same rights to make and enforce its contract as that afforded to non-African-Americans and/or non-white employees.

**Count Three: Race Discrimination (Denied Equal Opportunity, Not Offered Overtime)**

**In Violation of Title VII**

62.     Johnson hereby incorporates paragraphs one (1) through sixty-one (61) of his Complaint by reference.

63.     The Collective Bargaining Agreement Article VII, Section 9 ("There shall be no discrimination in the assignment of overtime.") and letter of understanding/seniority.

64.     Cameron Baker's action, conduct and failure to act properly and accordingly to the Collective Bargaining Agreement ("CBA") in place between the members of Local 215 and the City of Evansville (including the Parks Department).

65.    On June 7th through 14th, 2021, Superintendent Cameron Baker authorized employee Craig Stanton, who is Caucasian and/or white, seven (7) straight days of overtime, June 7th through 14th, 2021.

66.    Ernest Johnson was not extended the same opportunity for overtime on June 7th through 14th, 2021.

67.    Mr. Cameron Baker's actions clearly has demonstrated fundamentally unfair race discrimination and has denied equal opportunity.

68.    Mr. Baker violated Johnson's right to be free from race an/or color based discrimination as protected by Title VII by subjecting Johnson to terms and conditions of employment which were less favorable than those afforded to similarly situated Caucasian and/or white employees.

69.    Mr. Baker's actions were intentional and he acted with reckless indifference to Johnson's rights as protected by Title VII.

70.    These unwanted actions violated Ernest Johnson's civil rights which are guaranteed by U.S. Constitution.

71.    Johnson suffered and continue to suffer unwanted harm from emotional and mental distress, embarrassment, humiliation, and damage to his personal and professional reputation, because of Defendants' unlawful acts.

**Count Four: Race Discrimination (Denied Equal Opportunity, Not Offered Overtime)**

**In Violation of § 1981**

72.    Johnson hereby incorporates paragraphs one (1) through seventy-one (71) of his Complaint by reference.

73.    The relationship between the City of Evansville and Johnson was governed by a Collective Bargaining Agreement and was therefore contractual in nature.

74.    The city denied Johnson the same rights to make and enforce its contract as that afforded to non-African-Americans and/or non-white employees.

75.    The city's actions were intentional, willful, and in reckless disregard of Johnson's clearly established civil rights.

76.    Johnson suffered and continues to suffer harm, including, but not limited to emotional distress, embarrassment, humiliation, and damage to his personal and professional reputation, as a result of Defendants' unlawful acts.

**Count Five: Race Discrimination (Hostile Work Environment) in Violation of Title VII**

77.    Johnson hereby incorporates paragraphs one (1) through seventy-one (76) of his Complaint by reference.

78.    By subjecting and/or allowing Johnson to be subjected to repeated acts of race and/or color-based harassment, and by refusing to take action when Johnson reported it, the Defendants' actions were sufficiently severe or pervasive to subject Johnson to a hostile work environment based on his race.

79.    Defendants' actions were intentional and it acted with reckless indifference to Johnson's rights as protected by Title VII.

80.    Johnson suffered and continues to suffer harm, including, but not limited to, emotional distress, embarrassment, humiliation, and damage to his personal and professional reputation, as result of Defendants' unlawful acts.

**Count Six: Race Discrimination (Denied Equal Opportunity, Hostile Work Environment) In Violation of § 1981**

81.     Johnson hereby incorporates paragraphs one (1) through eighty (80) of his Complaint by reference.

82.     By subjecting and/or allowing Johnson to be subjected to repeated acts of race and/or color-based harassment, and by refusing to take action when Johnson reported it, the Defendants' actions were sufficiently severe or pervasive to subject Johnson to a hostile work environment based on his race.

83.     Defendants' actions were intentional and acted with reckless indifference to Johnson's rights as protected by § 1981.

84.     Johnson suffered and continues to suffer harm, including, but not limited to, emotional distress, embarrassment, humiliation, and damage to his personal and professional reputation, as result of Defendants' unlawful acts.

### Count Seven: Retaliation in Violation of Title VII

85.     Johnson hereby incorporates paragraphs one (1) through eighty-four (84) of his Complaint by reference.

86.     By filing his grievance with the City, and by otherwise opposing what he reasonably believed was race-based discrimination, Johnson engaged in protected activity as that term is used in Title VII.

87.     The City of Evansville retaliated against Ernest Johnson on January 10, 2022 by depriving Johnson equal opportunity for employment.

88.     The City of Evansville authorities failed to follow the statutorily mandated protocols that was ordered by Deena Beck, PA, on January 5, 2022, quoted ("As of 1/10/2022 full duty. I recommend pt be removed from golf course duty & avoid lawn mowers for now if possible.").

89.    The City of Evansville's unlawful actions were intentional, willful, and/or done with reckless indifference to Johnson's rights protected by Title VII.

90.    Johnson suffered and continues to suffer harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to his personal and professional reputation as a result of Defendant's unlawful acts.

### Count Eight: Retaliation in Violation of § 1981

91.    Johnson hereby incorporates paragraphs one (1) through ninety (90) of his Complaint by reference.

92.    By filing his grievance with the City, and by otherwise opposing what he reasonably believed was race-based discrimination, Johnson engaged in protected activity as that term is used in Title VII.

93.    The City of Evansville retaliated against Ernest Johnson on January 10, 2022 by depriving Johnson equal opportunity for employment.

94.    The City of Evansville authorities failed to follow the statutorily mandated protocols that was ordered by Deena Beck, PA, on January 5, 2022, quoted ("As of 1/10/2022 full duty. I recommend pt be removed from golf course duty & avoid lawn mowers for now if possible.").

95.    The City of Evansville's unlawful actions were intentional, willful, and/or done with reckless indifference to Johnson's rights protected by Title VII.

96.    Johnson suffered and continues to suffer harm, including but not limited to loss of wages and benefits, emotional distress, embarrassment, humiliation, and damage to his personal and professional reputation as a result of Defendant's unlawful acts.

### B. State Law Cause of Action

## Count ten: Breach of Contract

97.    Johnson hereby incorporates paragraphs one (1) through ninety-six (96) of his Complaint by reference.

98.    Johnson is an intended third-party beneficiary of the Collective Bargaining Agreement between the City and Local 215

99.    Johnson knew of the rights and benefits the CBA provided to Local 215 members.

100.    By accepting employment with the City, Johnson expressly assented to the contract at the request of Local 215 and/or the City.

101.    Johnson was denied his complaint in his grievance procedure (Article XII, Section 1).

102.    Johnson was also denied the opportunity to earn overtime that was promised in the CBA.

103.    By denying Johnson the right to his complaint and to overtime as mandated in the CBA, the City breached its contract with Local 215, as it applied to Johnson.

104.    Johnson suffered and continues to suffer harm, including but not limited to loss of wages and benefits, as a result of Defendant's breach.

## VI. RELIEF

**WHEREFORE,** Johnson respectfully prays that the Court find in his favor and Order:

105.    That the Defendant immediately cease and desist its unlawful and discriminatory actions in breach of the CBA;

106.    That the Defendant pay Johnson $10 million for his emotional and mental distress that the City of Evansville condoned through its inaction;

107. That the defendant pay $5 million in compensatory damages and $25,000 in punitive damages on each of four (4) claims: lack of personnel, not adequately trained, loss of overtime, and infliction of emotional distress;

108. That the Defendant pay Johnson contractual damages for its breach of the CBA;

109. That the Defendant pay Johnson prejudgment and post-judgment interest on all sums recoverable;

110. That the Defendant pay Johnson's reasonable attorney fees and costs of litigating this action;

111. That the Defendant provide Johnson with all other relief that is just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Ernest Johnson,          I, requests a trial by jury on all issues so triable.

Respectfully submitted,

Ernest Johnson
Pro-Se
1209 S Elm St.
Henderson, KY 42420